**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTHONY SULLIVAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 24-cv-4066** |
| | ) | |
| **GREG DONATHAN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, files a Complaint under 42 U.S.C. § 1983 alleging violations

of his constitutional rights while he was civilly detained pursuant to the Illinois Sexually Violent

Persons Commitment Act, 725 ILCS 207/1, at the Rushville Treatment and Detention Facility

("Rushville"). (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 4). The "privilege to proceed

without posting security for costs and fees is reserved to the many truly impoverished litigants

who, within the District Court's sound discretion, would remain without legal remedy if such

privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651

(7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the

action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.

28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only

if Plaintiff's Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In

reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing

them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However,

conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim

1

for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff files suit against Defendants (1) Program Director Greg Donathan, (2) Assistant Program Director Erin Posey, (3) Assistant Security Director Sandra Ham, (4) Internal Security Investigator Cody Waterkotte, (4) Storekeeper Amanda Reische, (5) Storekeeper John Doe, (6) Property & Supply Clerk Edward Peterman, (8) Security Therapy Aid ("STA") Michael Kerr, (9) STA Roberts Travis Downs, (10) STA Filomeno Frackrell, (11) STA Mickenzy Gossage, (12) STA Jonathan Angel, (13) STA John Doe, (14) STA John Doe, and (15) Jason Chenoweth.

Plaintiff alleges he was housed in administrative segregation on "rooming refusal status" from October 31, 2023, until February 27, 2024. During that time, Plaintiff filed numerous grievances about staff members who were allegedly harassing him and other residents.

Plaintiff alleges he was helping another resident, Mr. Anderson, file a lawsuit against security guard Brandon Wear and Defendant Gossage for allegedly sexually assaulting Mr. Anderson while he was cuffed on January 3, 2024.

On January 31, 2024, Defendant Angel (or Angle) refused to get medical and mental health treatment for Mr. Anderson after he began cutting himself. Plaintiff threatened to file a lawsuit against Defendant Angel. In response, Defendant Angel threatened to "get [Plaintiff] shook down." (Doc. 1 at p. 5).

On February 1, 2024, a team called "S.A.K." conducted a shake down of Plaintiff's cell. *Id.* STAs Chenoweth, Downs, Frackrell, Gossage, Kerr, and the John Does were members of the

S.A.K. team. During the shake down, Defendants allegedly confiscated Plaintiff's lawsuits, legal documents, legal notes documenting the security guards' misconduct, hygiene items, television, audio cords, and Walkman. Defendants also allegedly damaged his bottles of religious oils, drawings, Moorish American member logs, prayer rugs, clothes, and shoes. Plaintiff alleges a derogatory, racist word was written on the wall where his Moorish American drawing had been.

On February 1, 2024, Plaintiff filed a grievance and wrote to Defendants Donathan, Posey, and Ham about the shake down, which Plaintiff claims they authorized. On February 12, 2024, Defendant Reische allegedly "claimed that they [did not] have [his] property, and referred [him] back to security." *Id.* at 7.

On February 27, 2024, Plaintiff was taken off "rooming refusal status," returned to the general population, and permitted to have his television. On or about February 27, 2024, Plaintiff was served a minor disciplinary ticket for having an unauthorized television and Walkman during the February 1, 2024 shake down. On February 28, 2024, Plaintiff went before Defendant Waterkotte to address the minor disciplinary ticket. Around March 1, 2024, Defendants Donathan and Waterkotte found Plaintiff guilty of the minor violation and recommended that Plaintiff process the ticket with his treatment team. No restrictions were placed on Plaintiff's television.

On March 8, 2024, Plaintiff went to the property room, and Defendants Reische, Peterman, and John Doe returned Plaintiff's audio cord, remote control, and two notepads with pages ripped out. Defendants claimed that security personnel did not give them any legal work.

Plaintiff continued to file grievances regarding his missing legal work, which he claims prevented him from filing a lawsuit.

Plaintiff alleges that Defendants Donathan and Waterkotte retaliated against him for filing grievances by imposing a one-year television restriction, which Plaintiff claims is excessive for a

3

minor violation. Plaintiff claims that no policies were posted when he was written up for an unauthorized television.

In a separate section of his Complaint entitled "Legal Claims," Plaintiff includes additional allegations against Defendants and lists six causes of action against them. (Doc. 1 at pp. 9-10). It is difficult to discern Plaintiff's claims against fifteen Defendants scattered throughout his Complaint. Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." *Id.* at (d)(1). Plaintiff's Complaint is DISMISSED without prejudice as a violation of Federal Rule of Civil Procedure 8.

The Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days to clarify his claims. Plaintiff's Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm he suffered. He MUST also provide the date each allegation occurred or a specific timeframe.

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his Amended Complaint is prohibited. See Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are permitted, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. Plaintiff shall have one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, this case will be dismissed with prejudice.**

2)  **Based on the entry of this Merit Review Order, Plaintiff's Motion for Status [6] is MOOT.**

3)  **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED:  5/28/2024

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge
